FILED
U.S. DISTRICT COURT

2014 JAN 23 A 9: 35

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RODGER D. REDDEN,

    Petitioner,

v.                                     CIVIL ACTION NO.: CV213-139

SCOTT CRICKMAR, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodger Redden ("Redden"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Glynn County Superior Court. Respondent filed a Motion to Dismiss. Redden filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Redden was convicted, after a jury trial, on August 28, 1997, in the Glynn County Superior Court of armed robbery and aggravated assault. Redden was sentenced as a recidivist to a life sentence without parole. Redden filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions and sentence on November 13, 1998.

(Doc. No. 15-5). Redden filed a motion to vacate a void sentence in the trial court, which was denied on August 16, 2007.[1] (Doc. No. 15-1, p. 3). Redden filed an appeal with the Georgia Court of Appeals, which affirmed the trial court's denial by order dated November 26, 2008. Redden v. State, 294 Ga. App. 879, 670 S.E.2d 552 (2008).

Redden filed a petition for habeas corpus relief in the Ware County Superior Court on June 27, 2008. After an evidentiary hearing, the state habeas corpus court denied relief on June 9, 2009. (Doc. No. 15-2). Redden filed a certificate of probable cause to appeal on June 24, 2009. The Georgia Supreme Court dismissed Redden's certificate on September 10, 2012. (Doc. Nos. 15-3, 15-4).

In this petition, which was filed on July 29, 2013, Redden asserts that the prosecution in his case sought a sentence of life without parole without first asking for the death penalty, in violation of Georgia law and case law. Redden contends that he received consecutive sentences for the same act. Redden also contends that the jury was dismissed prior to sentencing, in violation of his right to due process. Finally, Redden contends that the sentencing judge began the computation of his sentence from the date of conviction rather than the date of his arrest. Respondent avers that Redden's petition is untimely and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

---

[1] It is not clear when this motion was filed with the trial court. However, based on the parties' assertions, it appears this motion was filed no earlier than 2007.

2

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Redden's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Redden was convicted in the Glynn County Superior Court on August 28, 1997, and he filed a direct appeal. The Georgia Court Appeals affirmed Redden's convictions and sentence by order dated November 13, 1998. Redden had a period of ten (10) days to file a motion for reconsideration or a notice of intent to apply for certiorari with the Georgia Supreme Court. GA. CT. APP. R. 37(b), 38(a)(1.); GA. SUPR. CT. R. 38(1). Redden failed to file either of these motions, and his conviction became final on November 23, 1998. Because Redden's conviction became final on November 23, 1998, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v.

3

Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Redden's conviction became final on November 23, 1998. In 2007, he filed a motion to vacate a void sentence, and he filed his state habeas corpus petition on June 27, 2008. By that time, the statute of limitations period applicable to section 2254 petitions had expired. Thus, Redden is not entitled to file his petition pursuant to section 2244(d).

Having determined that statutory tolling is not available to Redden, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a

"truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Redden contends that he is entitled to equitable tolling because his access to the courts has been "blocked and severely hampered" because Respondent issued an order to close the law library at the prison indefinitely. (Doc. No. 16, p. 1). Redden avers that he only is able to obtain copies of two (2) cases a week. Redden alleges that the evidence Respondent submitted with his Motion to Dismiss proves that Redden "has been pursuing his rights diligently by continuing to file post conviction(sic) remedies" which shows that he is entitled to equitable tolling. (Id. at p. 2). According to Redden, he provided this Court with state law, which was enacted on May 13, 2011, and which confirms that he has been pursuing his rights diligently for 14 years. Redden states that he filed a notice of intent (the Court presumes Redden intended to write "notice of appeal") with the state habeas corpus court on the same day and in the same mailing as his application for certificate of probable cause, but he has no control over the prison mailing system. Redden also states that the Georgia Supreme Court inexplicably waited 39 months' time to inform him that his application for certificate of probable cause was being dismissed because of insufficient filings. Redden notes that he should have received the benefit of the 2007 Georgia law which allowed a state prisoner to file a state habeas corpus petition within four (4) years.

Redden has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. Any allegation that

5

Redden is entitled to equitable tolling due to "circumstances beyond his control" must fail. Redden fails to show that any circumstance—extraordinary or otherwise—prevented him from pursuing his claims earlier than he did. Even if the Court were to accept Redden's contention that circumstances beyond his control prevented his timely filing, Redden has not shown that he was diligently pursuing his rights. Even accepting Redden's assertions as true, he has failed to show that he acted with diligence in pursuing his rights from the time his conviction became final on November 23, 1998, until he filed his post-trial motion to vacate a void sentence almost nine (9) years later. The undersigned notes Redden's contention that he should receive benefit of a 2007 Georgia law which allows a state prisoner to file a state habeas corpus petition within four (4) years of that statute's effective date. The undersigned believes Redden is referring to O.C.G.A. § 9-14-42(c), which took effect on July 1, 2004, which allowed state prisoners serving felony sentences until July 1, 2008, to file a state habeas corpus petition. However, and as noted above, a state petition filed after the federal statute of limitations has expired does not toll the federal statute of limitations because there is no time left to toll. Scarlett v. Sec'y, Dep't of Corr., 404 F. App'x 394, 400 (11th Cir. 2010) (citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); see also, p. 4, supra. Redden is not entitled to equitable tolling.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Redden's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of January, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)